FILED
**Nov 10, 2020**
**02:15 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Anthony Hayes | ) | Docket No.  2018-08-1204 |
| | ) | |
| v. | ) | State File No. 56539-2018 |
| | ) | |
| Elmington Property Management, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded

---

This interlocutory appeal follows the trial court's grant of the employer's motion for partial summary judgment in which the employer asserted the employee was unable to establish that his alleged neck and back injuries arose primarily out of and in the course and scope of his employment.  In support of its position, the employer relied on the opinion of the authorized physician who had evaluated the employee's neck and back complaints and who had opined that those complaints were not more than fifty percent causally related to the employment.  The employee did not file a response to the employer's motion for partial summary judgment.  The trial court concluded the employer had shown that the employee's proof was insufficient to establish an essential element of his claim.  The employee has appealed.  We affirm the trial court's order granting the employer's motion for partial summary judgment, deem the appeal to be frivolous, exercise our discretion not to award attorneys' fees and expenses, and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Anthony Hayes, Memphis, Tennessee, employee-appellant, pro se

Stephen P. Miller, Memphis, Tennessee, for the employer-appellee, Elmington Property Management

1

### Memorandum Opinion[1]

There have been multiple interlocutory appeals in this case. The current appeal was filed by Anthony Hayes ("Employee") following the trial court's grant of Elmington Property Management's ("Employer's") motion for partial summary judgment. While a recitation of the entire history of the litigation is not necessary to address the current appeal, we have set out portions of the factual and procedural background for context.

Employee was working in the course and scope of his employment with Employer in July 2018 when he fell, allegedly injuring his left knee, left arm, right hand, and head. His claim for workers' compensation benefits was accepted as compensable, and he began treating with Dr. David Deneka, an orthopedic specialist. In September 2018, Dr. Deneka reported that Employee had reached maximum medical improvement for his work-related injuries and would retain no permanent medical impairment associated with his injuries.

Thereafter, Employee complained that he had not received medical treatment for neck and back symptoms he asserted were related to his fall at work. He filed a petition seeking additional medical benefits, and, because he had been terminated from his employment, he also sought temporary disability benefits. Following an expedited hearing, the trial court concluded Employee had offered credible testimony regarding his need for additional medical treatment for injuries related to his fall but did not present sufficient evidence of his entitlement to temporary disability benefits. The court ordered Employer to schedule an appointment with Dr. Deneka but denied Employee's request for temporary disability benefits. Employee appealed the trial court's denial of his request for temporary disability benefits, and we affirmed the trial court's order and remanded the case. *See Hayes v. Elmington Prop. Mgmt.*, No. 2018-08-1204, 2019 TN Wrk. Comp. App. Bd. LEXIS 49, at *1-2 (Tenn. Workers' Comp. App. Bd. Sept. 3, 2019).

Employee subsequently returned to Dr. Deneka, who indicated he was unable to address Employee's neck and back complaints because he does not treat those body parts in his medical practice. As a result, Employer provided a panel of physicians from which Employee selected Dr. Mark Harriman, a physician at OrthoSouth.

Employee was seen by Dr. Harriman on October 8, 2019. The report of that visit reflects the appointment was for an independent medical evaluation at the request of Employer's counsel rather than for treatment. It also reflects that Dr. Harriman obtained a history from Employee, examined him, and reviewed numerous medical records. The

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

report noted Employee had a history of "a back injury from a motor vehicle accident years ago" and indicated Employee's story regarding the neck and back complaints he related to his employment "had changed considerably." It stated Employee "said that his initial neck and back problems were very minor, and he did not think anything of them until they started bothering him when Dr. Deneka returned him back to work." Further, Dr. Harriman's report stated that he "asked [Employee] again specifically when he had started having neck and back problems," and that Employee "went on to tell him that he had a second fall, unrelated to his on the job injury, in September 2018 going home from a store," and that "things got worse then and he sought care for his neck and back through the [Veterans Administration]." Two days after Employee's evaluation by Dr. Harriman, the doctor signed an amendment to his report stating, "[s]pecifically, I can state with greater than 50% assurance that [Employee's] complaints of lumbar and cervical neck pain are not related to his on-the-job injury of July 27, 2018."

On October 25, 2019, Employee filed a Motion to Compel and for Sanctions in which he asserted Dr. Harriman would not treat him and told him the October 8 visit was for an evaluation only. On November 4, 2019, the trial court granted Employee's motion, finding that Employer was obligated to provide Employee with a panel of physicians for treatment of Employee's back and neck complaints. The order noted that Employee had returned to Dr. Deneka, who "does not treat neck and back issues" and that Employee was later evaluated by Dr. Harriman who concluded that Employee's "neck and back complaints were less than fifty percent related to the work injury." However, the court determined that Employer "should have provided [Employee] a panel from which he could select a physician to address his head and neck complaints rather than providing only an independent medical examiner." The court ordered Employer to provide a panel of physicians to "evaluate [Employee's] head and neck conditions" within ten days, adding that Employer's failure to do so would "result in referral to the Compliance Program for investigation and possible assessment of penalties."

Three days later, Employer filed a motion requesting the court to reconsider its November 4, 2019 order. Employer supported its motion with a document electronically signed by Dr. Harriman on November 5, 2019, which stated that "[t]he report on [Employee] was improperly titled as an Independent Medical Evaluation," and that "[i]n fact, the report should have been titled as a medical opinion with option to treat should treatment be required and related to the alleged work incident."

On November 20, 2019, the trial court granted Employer's motion to reconsider, concluding that Employer had satisfied its obligation to provide Employee "with a proper panel under Tennessee Code Annotated section 50-6-204 and is not required to provide him with another panel." On December 4, 2019, Employee filed an untimely notice of appeal of the court's November 20 order. As a result, we dismissed the appeal on December 5, 2019, and remanded the case. On December 6, 2019, Employee filed a "Demand for Reconsideration of Appeal," citing the Tennessee Rules of Appellate

3

Procedure and the Federal Rules of Appellate Procedure, neither of which apply to us. We treated Employee's filing as a motion to reconsider the dismissal of the appeal, which we denied by order filed on December 9, 2019.

A scheduling order was subsequently filed in the trial court on January 14, 2020, setting forth dates for discovery and other procedural matters, including a June 17, 2020 trial date. On January 22, 2020, Employee filed numerous documents in the trial court that included a Sworn Complaint for Shelby County Government, which identified nine separate individuals, offices, or other entities alleged to be "violators," including the trial judge. Several documents were filed as "Exhibits" to the Sworn Complaint, including Employee's "Request for Recusal of [the Trial Judge] & Ethical Complaint," which was addressed to the Chief Judge of the Court of Workers' Compensation Claims and to the Tennessee Attorney General. The "Exhibits" also included a "Complaint Against Judge Under Code of Judicial Conduct" that was purportedly filed with the Tennessee Board of Judicial Conduct. Among other numerous allegations in these documents, Employee alleged that the trial judge conspired with other members of the Bureau of Workers' Compensation to prevent him from timely receiving the court's orders, falsified a court order, and proceeded with a scheduling hearing over his objection.

The trial court addressed Employee's motion for recusal in a February 7, 2020 order. The court determined Employee had presented no evidence of prejudice or bias and that there was no reasonable basis to question the judge's impartiality. In addition, the court concluded that Employee had not complied with Tenn. Comp. R. & Regs. 0800-02-21-.18(3) (2019), which requires an affidavit to be filed with a motion to recuse setting out the factual and legal grounds supporting the recusal. Based upon Employee's failure to present supporting evidence and his failure to file an appropriate affidavit, the trial court denied his recusal motion.

Employee appealed the trial court's February 7 order, asserting that the trial judge cited "wrongful codes [and] laws that [do] not apply to the issues being raised to [enable] [Employer] to continue to discriminate and wrongfully deny[] claimant benefits." Employee asserted, and continues to assert in his voluminous filings, that disqualification of the trial judge is automatic and that the orders entered by the trial court are invalid. He cited federal law and the laws of other states to support his contentions but provided no Tennessee law to support his claims that he was entitled to the automatic recusal or disqualification of the trial judge. We affirmed the trial judge's order denying Employee's motion to recuse on April 16, 2020. *See Hayes v. Elmington Prop. Mgmt.*, No. 2018-08-1204, 2020 TN Wrk. Comp. App. Bd. LEXIS 17 (Tenn. Workers' Comp. App. Bd. Apr. 16, 2020).

On April 17, 2020, Employer filed a motion for partial summary judgment that sought the dismissal of Employee's claims for neck and back injuries that allegedly resulted from his July 2018 work injury. On April 29, 2020, Employee filed several

4

documents with the Court of Workers' Compensation Claims, including a document purportedly submitted to the Tennessee Supreme Court seeking to appeal our April 16, 2020 decision. On May 8, 2020, Employee filed additional documents with the Court of Workers' Compensation Claims, including a document that appears to be intended, in part, to request a continuance of the hearing on Employer's motion for partial summary judgment. The following day, Employee filed more documents in the trial court addressing his efforts to disqualify the trial judge. On May 13, 2020, he filed additional documents with the trial court, including a notice from the Tennessee Supreme Court indicating Employee had filed a "TRAP 3 Notice of Appeal" on April 29, 2020.

On May 19, 2020 the Court of Workers' Compensation Claims issued an order acknowledging that Employee had filed a notice of appeal of our April 16 decision with the Supreme Court. In its order, the trial court stated that "[s]ince [Employee] appealed the Appeals Board's April 16, 2020 decision to the Tennessee Supreme Court on April 29, 2020, all hearings . . . are continued until the case is remanded to [the trial court]."

Employer subsequently filed a motion in the Supreme Court requesting that Employee's appeal be dismissed. On June 16, 2020, the Supreme Court issued an order noting that our April 16, 2020 decision was an interlocutory recusal order and, therefore, not reviewable by the Supreme Court. The Court granted Employer's motion to dismiss Employee's appeal. The following day, Employee filed voluminous documents in the Court of Workers' Compensation Claims, some of which were also filed with the Supreme Court. On July 9, 2020, the Supreme Court issued an order noting its earlier dismissal of Employee's appeal in which the Court stated that Employee "subsequently issued a 'demand' for the Court to take judicial notice" of certain matters, which the Supreme Court refused to do, adding that "no appeal is pending with this Court." On the same date the Supreme Court issued its order, Employee filed over 200 pages of documents with the Court of Workers' Compensation Claims. Additional documents were filed the following day, and, on July 15, 2020, Employee filed more documents in the trial court.

On July 24, 2020, the trial court issued an amended scheduling order in which the court set various dates for specific procedural matters leading to an October 2020 trial date. A telephonic hearing on Employer's motion for partial summary judgment was set for August 21, 2020.[2] However, due to what the trial court described as Employee's "disruptions," the trial court determined an in-person hearing would be conducted to address Employer's motion. The motion for partial summary judgment was reset for hearing September 2. On August 31, 2020, Employee filed another notice of appeal to

---

[2] Employee attempted to appeal the notice setting Employer's motion for partial summary judgment for hearing. However, the notice was not an order of the court but was a docketing notice signed by the clerk and, therefore, was not appealable to us. *See* Tenn. Code Ann. § 50-6-217(a)(2) (2019) (only orders "issued by a workers' compensation judge" may be appealed to the Appeals Board).

us, this time identifying, by date, three separate orders that were being appealed. We issued an order on September 1, 2020, addressing the documents identified in Employee's notice of appeal, and we dismissed the appeal and remanded the case.

Employee did not appear at the September 2 hearing on Employer's motion for partial summary judgment, and court personnel were unable to reach him by telephone. On September 8, 2020, the trial court issued an order granting Employer's motion for partial summary judgment, concluding that Employer successfully established that Employee's evidence was insufficient to prove an essential element of his claim. Because Employee did not respond to Employer's motion for partial summary judgment as provided in Rule 56.03 of the Tennessee Rules of Civil Procedure and did not appear at the hearing, the court found Employee had not presented any evidence to refute Employer's proof and had not identified a genuine issue of material fact. Employee has appealed the trial court's grant of a partial summary judgment dismissing his claims for neck and back injuries that allegedly resulted from the July 2018 work injury.

In the present notice of appeal, Employee asserts the trial judge "has been disqualified on the records, she violated constitutional due process notice and perpetrated a fraud by going against her own [s]cheduling order to render this bogus decision that was already on appeal to the Supreme Court." Further, Employee's notice of appeal asserts there was "[f]raud upon the Courts enacted by the Court." However, Employee failed to identify any appealable issue, failed to identify any legal errors allegedly made by the trial court, and failed to provide any explanation of how the court erred by conducting the motion hearing. Moreover, Employee has not asserted that he did not receive notice of the September 2 hearing or that he was denied an opportunity to participate in the hearing.

We note also that Employee did not timely file a brief in support of his appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.05(2) (2020). Employee's brief was due on or before October 6, 2020.[3] Instead, he has filed multiple documents airing various grievances with the manner in which the Bureau of Workers' Compensation conducts its business, citing to a variety of other state and federal laws to support his claims of unfair

---

[3] Employee filed a request for an extension of time on the basis that the Appeals Board had not provided a briefing schedule. However, as noted in the order denying the request for an extension of time, the Appeals Board does not determine a briefing schedule in individual cases. Rather, briefs are due as set out in Tennessee Code Annotated section 50-6-217(a)(2) (2019) and Tenn. Comp. R. & Regs. 0800-02-22-.05(2) (2020). On November 6, 2020, Employee filed a "Remonstrance for Reconsideration" of our order denying his request for an extension of time. After due consideration, Employee's request that we reconsider our order denying his request for an extension of time is denied. On November 9, 2020, Employee filed a motion requesting oral argument, which we also deny.

treatment.[4]  However, none of these documents are identified as a brief and none cite applicable Tennessee law in support of Employee's appeal.  "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her."  *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Finally, we find Employee's appeal to be frivolous.  "A frivolous appeal is one that . . . had no reasonable chance of succeeding," *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015), or one that is devoid of merit or brought solely for delay, *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016).  "[P]arties should not be required to endure the hassle and expense of baseless litigation.  Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success."  *Id.* at *10-11; *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *18 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017).  However, once again we exercise our discretion not to award attorneys' fees or other expenses for Employee's frivolous appeal.  *See* Tenn. Comp. R. & Regs. 0800-02-22-.09(4) (2020).

The decision of the trial court is affirmed, and the case is remanded.  Costs on appeal have been waived.

---

[4] As an example, Employee cites the "full faith and credit clause of the United States Constitution" in support of his contention that we are obligated to abide by California law governing the removal of administrative judges.

7



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Anthony Hayes ) | Docket No. 2018-08-1204 |
| ) | |
| v. ) | State File No. 56539-2018 |
| ) | |
| Elmington Property Management, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Deana C. Seymour, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of November, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Anthony Hayes | X | | | X | 555 South 3rd Street Memphis, TN 38101 555 B.B. King Blvd. Memphis, TN 38101 ah.hayes1@gmail.com |
| Stephen Miller | | | | X | smiller@mckuhn.com mdoherty@mckuhn.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov